**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Timothy Leroy Frady, Appellant.

Appellate Case No. 2014-001054

Appeal From Horry County
Edward B. Cottingham, Circuit Court Judge

Unpublished Opinion No. 2015-UP-508
Submitted September 1, 2015 – Filed November 4, 2015

**AFFIRMED**

Appellate Defender Tiffany Lorraine Butler, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant
Attorney General Mary Williams Leddon, and Staff
Attorney Susannah Rawl Cole, all of Columbia; and
Solicitor Jimmy A. Richardson, II, of Conway, for
Respondent.

**PER CURIAM:** Timothy Leroy Frady appeals his conviction for criminal domestic violence, arguing the trial court erred in admitting several photographs and a cell phone into evidence because they were irrelevant, overly prejudicial, and not properly authenticated. We affirm.

1. The trial court did not err in admitting the photographs into evidence. *See State v. Anderson*, 386 S.C. 120, 126, 687 S.E.2d 35, 38 (2009) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (internal quotation marks omitted)). First, the trial court did not err in finding the photographs were relevant. *See* Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *State v. Holder*, 382 S.C. 278, 290, 676 S.E.2d 690, 697 (2009) ("The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court. If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it." (citation and internal quotation marks omitted)). Second, the trial court properly found the photographs were not overly prejudicial. *See State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of relevant evidence should be reversed only in exceptional circumstances." (internal quotation marks omitted)); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."). Third, the trial court did not err in finding the photographs were properly authenticated. *See* Rule 901(a), SCRE (providing authentication is satisfied "by evidence sufficient to support a finding that the matter in question is what its proponent claims"); Rule 901(b)(1) and (4), SCRE (listing as examples of authentication "[t]estimony that a matter is what it is claimed to be" and an item's "[a]ppearance, contents, . . . or other distinctive characteristics, taken in conjunction with circumstances").

2. The trial court did not err in admitting the cell phone into evidence. First, Frady's arguments regarding the cell phone's relevance and prejudicial effect are unpreserved. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id*. at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."). Second, the trial court did not err in determining the cell phone was properly authenticated. *See* Rule 901(a), SCRE (providing authentication is satisfied "by

evidence sufficient to support a finding that the matter in question is what its proponent claims"); Rule 901(b)(1) and (4), SCRE (listing as examples of authentication "[t]estimony that a matter is what it is claimed to be" and an item's "[a]ppearance, contents, . . . or other distinctive characteristics, taken in conjunction with circumstances").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.